349 So.2d 1280 (1977)
Alvin A. FAIRBURN, Sr., and Kay Fairburn, Plaintiffs and Appellees,
v.
MONTGOMERY WARD & COMPANY, INC., and Aetna Casualty and Surety Corporation aka Aetna Life and Casualty, Defendants and Appellants.
Alvin A. FAIRBURN, Sr., Plaintiff and Appellee,
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant and Appellant.
Nos. 11366, 11367.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
On Rehearing August 24, 1977.
*1281 Samuel T. Rowe, Livingston, for plaintiff.
Robert J. Vandaworker, Baton Rouge, for defendant.
France W. Watts, III, Franklinton, for Ranco & its insurers, Travelers Ins. Co.
Daniel R. Atkinson, Baton Rouge, for defendant in No. 11367.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
These consolidated cases arise out of a kitchen fire at plaintiffs' residence.
In Suit Number 11,366 plaintiffs sued their homeowners insurer which filed a third party petition against Ranco, Inc.; its insurer, The Travelers Insurance Company; Montgomery Ward & Company, Inc.; and its insurer, The Aetna Casualty & Surety Company.
In Suit Number 11,367 plaintiffs sued Montgomery Ward & Company, Inc., and its insurer, Aetna Casualty & Surety Company. The defendants filed a third party petition against Ranco, Inc. and The Travelers Insurance Company.
The trial court rendered one judgment for both suits, in favor of Mr. Fairburn and against Louisiana Farm Bureau Mutual Insurance Company for $1,358.00; in favor of Mr. Fairburn and against Ward and Aetna for $100.00; in favor of Mrs. Fairburn and against Ward and Aetna for $100.00; in favor of Louisiana Farm Bureau and against Ward and Aetna for $1,358.00; and in favor of Ranco, Inc., and Travelers, dismissing the third party petitions of Louisiana Farm Bureau, Ward and Aetna against them.
Louisiana Farm Bureau, Ward and Aetna have appealed.
The issues presented on appeal are:
1. Whether the trial court erred in granting judgment in favor of plaintiffs and against Ward and Aetna;
2. Whether the plaintiffs proved their damages by a preponderance of the evidence; and
3. Whether the trial court erred in absolving Ranco, Inc. and Travelers Insurance Company of liability.
We affirm in part and reverse in part.
Plaintiffs, Mr. and Mrs. Fairburn, purchased an oven from Ward. About two weeks later, Mrs. Fairburn, after starting to broil some steaks, decided to visit a friend. She said she turned the oven to about 50 degrees before leaving.
Later Mr. and Mrs. Fairburn returned home to find the house completely filled with smoke. Mr. Fairburn said he went to the kitchen, opened the oven door, saw flames and then turned the stove off. They then attempted to clear the house of the smoke.

LIABILITY OF WARD
Ward and Aetna contend that plaintiffs did not prove their case by a preponderance of the evidence.
*1282 In order to recover, the plaintiffs must show there was a defect in the design or manufacture of the product, and that they sustained damage without any fault on their part. Penton v. Budget Rent-A-Car of Louisiana, 304 So.2d 410 (La.App., 1st Cir. 1973). Montgomery Ward, because they sold and installed the stove, is legally responsible for the product. Travelers Indemnity Company v. Sears, Roebuck and Company, 256 So.2d 321 (La.App., 1st Cir. 1971).
Mr. Raoul Levy, qualified as an expert in electrical engineering, gave the only testimony on causation; he said there were only two possible causes of the accident: improper use of the thermostat and a defect in the thermostat causing it to stick.
Mrs. Fairburn denied any misuse. Mr. Fairburn to some extent corroborated his wife's testimony when he said he returned home to find the house filled with smoke, and had to turn the oven control knob counterclockwise only a short distance to the off position. The setting of the thermostat was peculiarly within the knowledge of the plaintiffs. Even though the trial judge could reasonably have rejected the Fairburns' testimony, he was well within his discretion in accepting it. The appellate courts will not disturb the trial court's reasonable evaluation of credibility.

DAMAGES
Defendants contend that plaintiffs have failed to prove that the smoke and grease caused any damages. Plaintiffs and their witnesses testified that the house and furnishings were damaged extensively; the representatives of Farm Bureau and Ward testified that the damage was very slight.
The trial judge, evidently feeling that the testimony was in hopeless conflict, decided to examine the Fairburn residence himself; he allowed damages of $1,358.00. We can not say the trial judge erred.

LIABILITY OF RANCO, INC.
Ranco, Inc. manufactured the thermostat for the electric range. Ward contends that if found liable it is entitled to indemnification from Ranco and its insurer.
The lower court accepted the Fairburns' testimony that they had not misused the thermostat; the only remaining possible cause was a defect in the thermostat, which was manufactured by Ranco. We therefore believe the court erred in absolving Ranco and its insurer of liability.
For the above reasons, the judgment in favor of plaintiffs and against Farm Bureau for $1,358.00 plus interest and costs is affirmed. The judgment in favor of Farm Bureau and against Ward and Aetna for the amount for which Farm Bureau is cast is affirmed; the judgment in favor of Ranco, Inc., and The Travelers Insurance Company is reversed and there is now judgment in favor of Montgomery Ward & Co. and Aetna Casualty & Surety Company and against Ranco, Inc. and The Travelers Insurance Company for the amount for which Wards and Aetna are cast.
The judgment in favor of Alvin Fairburn and against Ward and Aetna for the $100.00 plus interest and costs and in favor of Kay Fairburn and against Ward and Aetna for $100.00 plus interest and costs is affirmed. The judgment dismissing the third party demand of Ward and Aetna against Ranco and Travelers is reversed. Judgment is rendered in favor of Ward and Aetna and against Ranco and Travelers for the amount for which they are cast.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

ON REHEARING
PER CURIAM:
We granted a rehearing in this case for the limited purpose of clarifying our judgment. We amend the trial court judgment to read as follows:
*1283 Judgment is rendered in favor of Alvin Fairburn and Kay Fairburn and against Louisiana Farm Bureau for $1,358.00 plus interest and costs. Judgment is further rendered in favor of Alvin Fairburn and against Montgomery Ward and Aetna Casualty and Surety Company, in solido, for $100.00 plus interest and costs. There is further judgment in favor of Kay Fairburn and against Ward and Aetna, in solido, for $100.00 plus interest and costs. Judgment is also rendered in favor of Louisiana Farm Bureau and against Ward and Aetna and Ranco, Inc. and Travelers Insurance Company, in solido, for the full amount for which they are cast. Judgment is further rendered in favor of Ward and Aetna and against Ranco and Travelers for the full amount for which they are cast. In all other respects we adhere to our original judgment.